Opinion issued January 24, 2008




 

 



 







In The
Court of Appeals
For The
First District of Texas




NOS. 01-06-00764-CR
          01-06-00765-CR
          01-06-00766-CR




ELIBERTO VEGA NORIEGA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 936811, 930148, and 930147




MEMORANDUM OPINION
          Appellant, Eliberto Vega Noriega, appeals from three judgments convicting
him for aggravated sexual assault of a child under 14 years of age for which he was
sentenced to life in prison, with the sentences to run concurrently. See Tex. Penal
Code Ann. § 22.021(a)(1)(B) (Vernon 2003). Appellant pleaded not guilty. The jury
found appellant guilty and assessed his punishment. 
          Appellant’s counsel on appeal has submitted a brief stating his professional
opinion that the appeal is without merit and that there are no arguable grounds for
reversal on appeal. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967). Appellant filed a pro se response brief. In narrative form, appellant contends
that the evidence is insufficient to establish his guilt for the offenses, that he received
ineffective assistance of counsel, and that the prosecutor engaged in unethical
misconduct during the trial. We affirm.
Background
          Appellant is the father of complainant, S.N. Appellant and complainant’s
mother, Crystal Maldonado, were never married, but lived together until complainant
was six. After appellant and Maldonado separated, complainant lived with appellant. 
Appellant and complainant moved in with appellant’s brother and then into a one-bedroom apartment.
          Between the ages of six and nine, complainant was sexually assaulted by
appellant on numerous occasions. In late 2001, appellant placed his finger and his
sexual organ in the female sexual organ of complainant. One night at appellant’s
brother’s house, appellant took down complainant’s pants and touched her sexual
organ with his fingers. Appellant touched complainant, both outside and inside her
sexual organ, on many occasions, telling her that “this would help [her] when [she]
got older.” On a different occasion, appellant pulled down his pants and put his
sexual organ in complainant’s sexual organ. The assaults happened several times at
complainant’s uncle’s house and at appellant’s apartment. In the summer of 2002,
complainant was sleeping in one bed with appellant’s then-girlfriend, Olga
Rodriguez. Appellant exhibited his penis “out of a little hole” in his pajamas and put
his penis inside complainant’s mouth. Rodriguez awoke to witness the act. 
Rodriguez later told Maldonado, who contacted police and took complainant for a
sexual assault exam. Complainant presented a “normal examination” that “did not
reveal any injuries.” Dr. Rohndit Shenoi stated that molestation that occurs over a
period of time is more likely to show physical trauma, although he also stated that
genitalia will probably present normal when there is a delayed outcry.
          In trial cause number 930147, which is appellate cause number 01-06-00766-CR, appellant was charged with aggravated sexual assault by placing his finger in the
female sexual organ of S.N. on or about December 1, 2001. In trial cause number
930148, which is appellate cause number 01-06-00765-CR, appellant was charged
with aggravated sexual assault of S.N. by penetrating her mouth with his sexual organ
on or about July 20, 2002. In trial cause number 936811, which is appellate cause
number 01-06-00764-CR, appellant was charged with aggravated sexual assault of
S.N. by placing his male sexual organ into her female sexual organ on or about
December 2, 2001. 
          At trial, the defense did not present any evidence or testimony.
Anders Procedure
          The brief submitted by appellant’s court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and,
therefore, that any appeal would lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 137–38 (Tex. Crim.
App. 1969). Appellant’s counsel sent a copy of the brief to appellant, requested
permission to withdraw from the case, and notified appellant of his right to review the
record and file a pro se response. The State waived its opportunity to file an
appellee’s brief to reply to the arguments presented in appellant’s pro se response.
          When this Court receives an Anders brief from a defendant’s court-appointed
attorney who asserts that no arguable grounds for appeal exist, we must determine
that issue independently by conducting our own review of the entire record. Anders,
386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is “wholly
frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (citing
same passage from Anders). In conducting our review, we consider any pro se
response that the defendant files to his appointed counsel’s Anders brief. See Bledsoe
v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 
          Our role in this Anders appeal, which includes a pro se response by appellant,
is limited to determining whether arguable grounds for appeal exist. Id. at 827. If we
determine that arguable grounds for appeal exist, we must abate the appeal and
remand the case to the trial court to allow the court-appointed attorney to withdraw. 
See id. The trial court must then either appoint another attorney to present all
arguable grounds for appeal or, if appellant wishes, allow appellant to proceed pro se. 
See id. We do not rule on the ultimate merits of the issues raised by appellant in his
pro se response. Id. If we determine that there are arguable grounds for appeal,
appellant is entitled to have new counsel address the merits of the issues raised. Id. 
“Only after the issues have been briefed by new counsel may [we] address the merits
of the issues raised.” Id. 
          If, on the other hand, we determine from our independent review of the entire
record that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826–28. The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827. 
          In accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400, and Bledsoe,
178 S.W.3d at 826–28, we have reviewed the record, appellant’s appointed counsel’s
Anders brief, and appellant’s pro se response to that brief and conclude that no
reversible error exists. 
 
 
 
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court and grant appointed counsel’s motion
to withdraw.


 
 
 
                                                                        Elsa Alcala
                                                                        Justice
 
Panel consists of Justice Taft, Keyes, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).